**Carl A. JOHNSON, Appellant (Plaintiff below),**

v.

**CITY OF CHEYENNE, Wyoming, et al., Appellees (Defendants below).**

**No. 4182.**

Supreme Court of Wyoming.

Jan. 8, 1973.

Rehearing Denied Feb. 9, 1973.

A. Joseph Williams, of Guy, Williams, White & Mulvaney, Jack R. Gage, of Hanes, Carmichael, Johnson, Gage & Speight, Cheyenne, for appellees.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

PER CURIAM.

On October 10, 1972, the City of Cheyenne held a sewer and water bond election pursuant to §§ 22–139.1 to 22–139.9, W.S. 1957 (1971 Cum.Supp.). The election results revealed that the voters approved the issuance of the bonds. On November 15, 1972, plaintiff filed a complaint, and an amended complaint on November 22, 1972, in the Laramie County District Court challenging the validity of the bond election. All defendants filed motions to dismiss the complaint. The thrust of the motions were that the plaintiff's complaint:

1. Did not state a claim upon which relief could be granted;

2. Was not filed by five qualified electors as plaintiffs as required in a bond election contest as provided in § 22–139.4, but that said Carl Johnson was the sole plaintiff and the court therefore lacked jurisdiction; and

3. Was not filed within 30 days after the result of the election had been determined as required by § 22–139.4.

The motions were heard by the trial court on November 24, 1972, at which time it determined that the motions should be treated as motions for summary judgment pursuant to Rule 56(b), W.R.C.P. The trial court granted summary judgment for the defendants, from which judgment the plaintiff appealed to this court.

Prior to the time plaintiff filed his notice of appeal the City of Cheyenne filed a petition in this court in which it alleged the plaintiff had indicated to the attorneys for the City that he intended to wait until the maximum allowable time to perfect his appeal. The City further alleged that such

1082

delay would cost the City considerable moneys due to rising interest rates and costs of construction. The prayer of the petition asked that the plaintiff be enjoined from proceeding further in his contest, that he be required to post bond in the nature of a supersedeas bond to defray the increased cost to the City occasioned by the delay, and for such other relief as this court deemed proper. We set the matter for hearing on December 22, 1972. On December 21, 1972, plaintiff filed his notice of appeal in the district court and a partial record was filed in this court on December 22, 1972. Also, on that latter date the City filed herein a motion for dismissal under the provisions of Rule 75(g), W.R.C.P. At that hearing this court announced that it wanted to consider both the motion for dismissal and the appeal, and advised the parties it would consolidate the two matters, to which there was no objection. The parties agreed to acceleration of the appeal as provided in Rule 73(g), W.R.C.P. and Supreme Court Rule 12(d), and they waived further oral argument and submitted the case upon briefs.

■ We think the trial court was correct in its determination of the summary judgment that the only method provided by statute[1] for a bond election contest is by five electors. As stated in 26 Am.Jur.2d, Elections, § 318, p. 143:

"The constitutions and statutes of most jurisdictions provide, as a part of the machinery of elections, a procedure by which election results may be contested. Such contests are regulated wholly by the constitutional or statutory provisions. They are not actions at law or suits in equity, and were unknown to the common law. The proceedings are special and summary in their nature. A strict observance of the steps necessary to give jurisdiction is required and the jurisdic-

tional facts must appear on the face of the proceedings. If these steps are not followed, courts are powerless to entertain such proceedings."

See also 29 C.J.S. Elections § 246, p. 680.

The plaintiff's complaint filed in the district court contained the following provisions:

"The plaintiff states that many voters were encouraged to vote illegally due to the fact that they were not registered. Various affidavits were accepted by the election officials at the same time they were voting on the day of election, October 10, 1972. The canvass was completed on October 16, 1972. Absentee ballots were processed through the voting machines destroying secrecy of the ballot making the election impure. Election officials pulled the levers for the absentee ballots although they had already voted once on the machine. No person is entitled to vote more than once. A recount of absentee ballots is impossible because the marks were dumped into the voting machine totals without taking any sub-totals. Only the election officials know how the marks were entered on the machines.

"Wherefore the plaintiff demands that the election held on October 10, 1972 in the City of Cheyenne, Wyoming be declared a nullity and that the defendants be restrained from issuing any bonds based upon said election."

Even if we accept as true the allegations of the petition, the petitioner still does not state a claim upon which relief can be granted.

We understand petitioner's contention as to registration to be that voters who were not registered were permitted to register on election day prior to voting. No illegality in this procedure has been shown.

[1.] Section 22-139.4 provides: " * * * Any five (5) qualified electors of the municipality may contest an election on the question of the creation of an indebtedness upon filing in the district court of any county in which the municipality is wholly or partially located, within thirty (30) days after the result of the election shall have been determined, a petition in like form as in other cases of contested elections in the district court. * * * "

In many of our elections, including the statewide primary elections, no prior registrations are required and a qualified elector may register at the polls on election day prior to voting as provided by statute.

◾ Petitioner's main thrust to the absentee vote question is that the election officials entered the absentee ballots into the voting machines and thereby voted more than once. The officials were, of course, not themselves voting but were merely computing the absentee votes. We are not advised what other method the election officials could have employed. It is further noted that § 22–139.4 provides:

" * * * No irregularity in any election on the creation of an indebtedness shall be invalidated unless it shall be determined that the result would have been changed. * * *"

Section 22–139.8 provides:

"It is the purpose of this chapter to provide a procedure for holding bond elections which complies with all federal as well as state laws and court decisions. * * *"

It appears obvious the legislature was aware that even in the absence of such statutory provisions as provided in § 22–139.4, the petitioner would still have the burden of showing that the results would have been changed. He not only does not even allege or contend the results of the election would have been changed, but makes no contention that unqualified persons were permitted to vote.

◾ Although the City of Cheyenne made extensive argument in its petition

and oral argument that the delay caused by this election contest cost the City of Cheyenne $2,500 per day, no claim was made in that regard. We therefore make no determination as to whether or not a claim to such damages can properly be made by the City. We do, however, find there was no reasonable cause for appeal,[2] and circumstances point to the fact that appellant in this instance is seeking without merit to hinder and delay the administration of justice.

The trial court properly granted the motion for summary judgment, and we find the defendants' petition for dismissal should be granted.

The judgment on the trial court is affirmed and plaintiff's appeal is dismissed.

## ON PETITION FOR REHEARING

The appellant has filed a petition for rehearing, and it appears that all points raised have been duly considered by the court in the opinion heretofore delivered. The court further finds that there was no reasonable cause for the appeal.

It is therefore Ordered and Adjudged that the petition for rehearing be, and the same is hereby, denied.

It is further Ordered, in accordance with Rule 72(k) Rules of Civil Procedure, that since there was no reasonable cause for the appeal, the costs of the appeal be taxed against the appellant, including the sum of Three hundred ($300.00) Dollars to be paid to the counsel of the appellees.

2. Rule 72(k), W.R.C.P., provides: " * * * Unless the court certifies that there was reasonable cause for the appeal, there shall * * * be taxed as part of the costs in the case, a reasonable fee, to be fixed by the court, not less than twenty-five dollars nor more than three hundred dollars, to the counsel of the appellee; and the court shall adjudge to the appellee damages in such sum as may be reasonable, not exceeding five hundred dollars, * * *."